**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2941

_____

MICHAEL AQUINO, M.D.,
                                        Appellant

v.

MICHAEL EDWARD BREEDE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-02459)
District Judge: Honorable Michael A. Shipp

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 8, 2025

Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges*

(Filed: July 23, 2025)

_____

OPINION*

_____

---

*   This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Corporate breakups can be ugly. Frustration can spill from the boardroom into the courthouse. But it cannot be just any courthouse; it must be one with proper jurisdiction. Dr. Michael Aquino has tried to sue multiple times in courthouses on both coasts. But the New Jersey District Court properly held that Aquino's third bid to find the right court fails. Because the proper court is in Connecticut, not New Jersey, we will affirm.

Integrated Surgical LLC is a medical-device company formed in Connecticut and head-quartered in California. It sought to develop a surgical pencil that doctors could use to remove smoke and fluid during surgery. Michael Breede, a Connecticut resident, was Integrated Surgical's CEO and managing member. Aquino, a New Jersey resident, was a member of another LLC that owned 8% of Integrated Surgical.

Integrated Surgical tried to sell its intellectual-property rights in the surgical pencil. A New York company was the only one to make an offer: $350,000. Breede emailed the board of Integrated Surgical, saying that Integrated Surgical would accept the offer. Aquino responded, offering to buy it himself for $360,000. After some back and forth, Breede signed the sale agreement but put the signature pages into escrow until Aquino could sign the agreement and wire the money into escrow. That evening, Breede sent an email saying, "I don't have confirmation of the wire, but I think the deal is done." JA 108 ¶ 62. Yet Aquino did not send the money or sign and return the agreement that day, as he was in the Adirondacks. Four hours later, Breede's lawyer emailed Aquino's lawyer to warn him "there is no agreement to sell the assets to Mike Aquino at this point" "since we didn't get the wire or signature pages today." JA 109–10 ¶ 66.

2

The next morning, Aquino faxed over the signed agreement. His lawyer then followed up, explaining that Aquino remained ready to close the deal. But Aquino still did not wire the money. For six more days, the lawyers exchanged emails and phone calls about the deal. Aquino never wired the money. Then Integrated Surgical sold the intellectual property to the original bidder.

Aquino first sued Breede, Integrated Surgical, and Integrated Surgical's CFO and counsel in California state court. After jurisdictional discovery, the court dismissed Breede for lack of personal jurisdiction.

A month later, Aquino sued Breede again in California federal court. That court likewise dismissed him from the suit for lack of personal jurisdiction.

More than three years later, Aquino sued Breede a third time in New Jersey federal court, alleging that Breede had tortiously interfered with his buying the intellectual property. The District Court dismissed without prejudice for lack of personal jurisdiction, explaining that Breede's knowledge of Aquino's residence was not enough to show that Breede aimed his allegedly tortious conduct at New Jersey. *Aquino v. Breede*, 2023 WL 7195173, at *3 (D.N.J. Nov. 1, 2023). Aquino amended his complaint, and the District Court again dismissed without prejudice for the same reason.

We review the dismissal de novo and the denial of jurisdictional discovery for abuse of discretion, accepting Aquino's allegations as true. *Control Screening LLC v. Tech. Application & Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 167 (3d Cir. 2012); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003).

New Jersey's long-arm statute lets courts exercise personal jurisdiction over non-residents as far as allowed by federal due process. N.J. Rev. Stat. § 2A:4-30.68 (2016).

Aquino does not contend that New Jersey has general jurisdiction over Breede. In any event, the District Court rightly held that it did not. Breede resides in Connecticut and does not have continuous or systematic contacts with New Jersey. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

That leaves specific personal jurisdiction. Aquino does not argue that Breede satisfied the traditional specific-personal-jurisdiction test, which focuses on whether Breede had enough minimum contacts with New Jersey. *See Ford Motor v. Mont. Eighth Jud. Dist. Ct.* 592 U.S. 351, 359 (2021). Instead, Aquino relies on the "effects" test from *Calder v. Jones*, 465 U.S. 783, 789 (1984). He claims that the court had specific personal jurisdiction because (1) Breede had committed an intentional tort; (2) Aquino felt the brunt of the harm in New Jersey, where he lives; and (3) Breede had "*expressly aimed*" his tortious conduct at New Jersey such that New Jersey was "the focal point of the tortious activity." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998).

The third prong is often fatal. And it is fatal here too. *Calder*'s effects test does not "carve out a special intentional torts exception … so that a plaintiff could always sue in his or her home state." *Id*. Instead, it asks whether the state was expressly targeted more than other jurisdictions. *See Hasson v. FullStory, Inc.*, 114 F.4th 181, 190 (3d Cir. 2024). So we ask not just whether there were some contacts with New Jersey, but whether New Jersey was the focus of the alleged tortious interference. *IMO Indus.*, 155 F.3d at 268. It was not.

4

The focus of the alleged tort was Connecticut. Aquino accuses Breede of tortiously interfering with the sale of the surgical-pencil patents. For ownership of intangible rights like patents, we look to the state where the patent holder resides. *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 387 (D. Del. 2009). Here, the patents were owned by a business run out of Connecticut by a Connecticut-resident defendant.

Plus, though this is a tort case, "it is necessarily related to the contract … which is the subject of the alleged tortious interference." *Remick v. Manfredy*, 238 F.3d 248, 260 (3d Cir. 2001). The focal point of that contractual interference was not New Jersey. The alleged contract between Aquino and Breede was accepted in Connecticut. *See First Camden Nat. Bank & Tr. v. Aetna Cas. & Sur.*, 132 F.2d 114, 116 (3d Cir. 1942) (looking to acceptance of a contract to determine its situs). Aquino's payment (which never came) would have come from New York to Connecticut. *Id.* And the place of performance of the contract was to be California. *Id.* So New Jersey was not the focus of the alleged tortious interference.

Indeed, the only connection to New Jersey is that it is Aquino's home. But *Calder* requires "additional facts" to link Breede to New Jersey beyond Aquino's residence there. *Marten v. Godwin*, 499 F.3d 290, 299 (3d Cir. 2007). Aquino can offer none. It does not matter that Breede knew that Aquino might suffer harm in New Jersey. *Id.* The best that Aquino can do is point to a handful of emails and phone calls to him in New Jersey. But New Jersey's involvement was incidental and only partial; Aquino got some of Breede's emails while in the Adirondacks in New York. Intentional targeting requires more. *See Remick*, 238 F.3d at 260 (finding personal jurisdiction where the defendant unequivocally targeted a state). Aquino cites no case finding personal jurisdiction on such thin facts.

5

Finally, because Aquino did not present factual allegations showing the possibility of personal jurisdiction, the District Court did not abuse its discretion in denying jurisdictional discovery. *Toys "R" Us*, 318 F.3d at 456.

Breede never expressly aimed his alleged conduct at New Jersey, but rather at Connecticut. If Aquino wants to try yet again, he needs to sue Breede there. So we will affirm the District Court's dismissal.